FORET, Judge.
Defendant, Raymond Guidry, was indicted by a Lafayette Parish Grand Jury for the crime of aggravated rape in violation of LSA-R.S. 14:42. He was tried before a jury of twelve persons and found guilty as charged. The trial judge sentenced him to life imprisonment.
Defendant appeals his conviction and raises two assignments of error:
(1) The evidence presented at trial was insufficient for a conviction of aggravated rape, and;
(2) The trial court erred in permitting leading questions to be asked by the State of its witnesses.
FACTS
In the early morning hours of Saturday, April 14, 1981, the victim, who was out at a Lafayette night spot, was preparing to go home. She had called a cab but, growing tired of waiting for it to arrive, she asked a female friend for a ride home. This friend and her friend’s boyfriend were preparing to leave with the defendant, Raymond Gui-dry. The friend asked the defendant if he would give the victim a ride home and he agreed.
After dropping off the friend and her companion, the defendant proceeded toward the home of the victim. The defendant, however, drove past the road which went to the victim’s home. When the victim protested and requested that the defendant bring her home, the defendant began driving at a high rate of speed. The victim continued to request that the defendant bring her home, but he ignored these requests. The defendant turned off the road, crossed some railroad tracks, and parked his van in an isolated area. Defendant then demanded that the victim get out of the van so that he could have sex with her. When she refused, defendant threatened to kill her and began pulling her out of the van. In the process, defendant broke the victim’s ankle. Defendant continued to threaten to kill the victim and told her that he had a gun. Defendant had sexual intercourse with the victim all the while continuing to threaten to kill her. After defendant left, the victim crawled to the highway where a passing motorist assisted her.

*491
ASSIGNMENT OF ERROR NO. 1

By this assignment of error, defendant claims that the evidence was insufficient for a conviction of aggravated rape. In reviewing sufficiency of the evidence, an appellate court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found that every essential element of the crime was proved beyond a reasonable doubt. Jackson v. Virginia, 433 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The pertinent part of LSA-R.S. 14:41 provides that:
“Rape is an act of ... vaginal sexual intercourse with a ... female person who is not the spouse of the offender, committed without the person’s lawful consent.”
Viewing the evidence in a light most favorable to the prosecution, we find there is no difficulty in concluding that defendant was guilty of rape. The victim was not his spouse, and he had vaginal intercourse with her against her will. The victim testified to the rape, and laboratory tests were positive for spermatozoan. Although a physician testifying for the State said he could not say for certain from his examination if the victim was raped, such testimony did not contradict that of the victim.
The crime of aggravated rape is defined, in pertinent part, as:
“Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or ...”
The State’s evidence showed that the victim was threatened with great and immediate bodily harm, accompanied by the apparent power of execution. The victim testified that the defendant repeatedly threatened her life while leading her to believe that he was armed. The evidence also demonstrated that the victim resisted to her utmost, but that her resistence was overcome by force. Uncontested evidence showed that the defendant had broken the victim’s ankle while she was struggling with him. The evidence was sufficient for a rational trier of fact to have found that defendant had committed an aggravated rape.
[2] In his brief, defendant argues that the evidence was insufficient to prove that it was him, rather than someone else, who had perpetrated the crime. Under the standard of Jackson v. Virginia, supra, the State is required to negate any reasonable possibility of misidentification. We note that several factors are important in determining the reliability of an identification. They are:
“(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness’ degree of attention; (3) the accuracy of the witness’ prior description of the criminal; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and confrontation. Neil v. Biggens, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977).”
With regard to these indicia of reliability, the evidence shows that the victim had a good opportunity to view the criminal. During the time she was riding with him, she had ample opportunity to see him. Due to the nature of the crime, the victim’s degree of attention must have been great at the time of its perpetration. Finally, the victim showed no hesitancy in identifying defendant. In conclusion, we feel that the evidence was sufficient to establish the reliability of the victim’s identification.
In his brief, defendant attacks the victim’s in-court identification of defendant because defendant was the only black per *492 son seated at the table of defense counsel. This in-court identification was admitted into evidence without objection by defendant’s counsel. In the absence of a contemporaneous objection, any error related to the admission .of evidence is not reviewable on appeal. LSA-C.Cr.P. Art. 841; State v. Wright, 410 So.2d 1092 (La.1982).
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defendant argues that the trial court erred in permitting leading questions to be asked by the State of its witnesses. The record, however, fails to show any contemporaneous objection to the questions complained of. Absent a contemporaneous objection, any error related to its admission is not reviewable on appeal. LSA-C.Cr.P. Art. 841; State v. Wright, supra.
In his brief, defendant also complains that certain testimony elicited at trial was hearsay. This complaint of defendant’s, however, was not contained in his assignments of error. Our scope of review is limited to those errors designated in the assignments of error and those discoverable by mere inspection of the pleadings. LSA-C.Cr.P. Art. 920. Accordingly, defendant's objection that certain testimony was hearsay is not properly before this Court and not subject to review. State v. Spell, 399 So.2d 551 (La.1981).
DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.